IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNY BARLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-66-D |
| | ) | |
| ROBERT PATTON, Director, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 5] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff's complaint seeks relief under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed *in forma pauperis*. Magistrate Judge Purcell did not reach the merits of the complaint. He determined that Plaintiff had adequate funds to prepay the filing fee, recommended Plaintiff's request for *in forma pauperis* status be denied and directed Plaintiff to pay the full filing fee on or before February 11, 2015. The Magistrate Judge also recommended that if Plaintiff failed to timely pay the fee, the action should be dismissed without prejudice to refiling.

In the Report and Recommendation, the Magistrate Judge advised Plaintiff of his right to object to the findings and recommendations set forth therein. He further advised Plaintiff that his failure to timely object would constitute a waiver of his right to appellate review of the factual and legal matters in the Report and Recommendation.

Plaintiff timely filed an Objection, *see* Response [Doc. No. 6], but did not pay the filing fee. The Court reviews the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

Plaintiff does not take issue with the Magistrate Judge's finding that he has adequate funds to pay the filing fee. Therefore, Plaintiff has waived any challenge to that finding. *See Duffield v.*

*Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (firm waiver rule requires timely and specific objections to magistrate's recommendations as to both factual and legal issues). Instead, Plaintiff claims the money in his inmate trust account is money "specifically saved for [his] release from prison."

The Prison Litigation Reform Act (PLRA) allows indigent prisoners to commence a civil proceeding without prepayment of fees. 28 U.S.C. § 1915. As the Tenth Circuit has stated, however, "proceeding *in forma pauperis* in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation omitted). Moreover, the Tenth Circuit has recognized that "the purpose of the [PLRA] is not to deny a prisoner access to the courts, but to require the prisoner to consider whether the merits of his claim are worth the cost of bringing the action, *vis a vis* payment of an initial partial filing fee when he has the means to pay it." *Baker v. Suthers*, 9 Fed. Appx. 947, 950 (10th Cir. 2001).

Here, the record reflects Plaintiff's determination that, whatever the merits of his claims may be, they are not worth the cost of bringing this action. Because Plaintiff has the ability to pay, but chooses not to, dismissal is warranted. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (stating that where a prisoner has the means to pay but fails to do so, dismissal of the action may be proper).

However, before dismissing the action, the Court will grant Plaintiff one additional opportunity to pay the full filing fee of $400 for this action to proceed. Plaintiff shall pay the filing fee to the Clerk of the Court within fourteen (14) days of the date of this Order. If Plaintiff fails to pay the filing fee within that time period, the action will be dismissed without prejudice to refiling.

IT IS THEREFORE ORDERED that the Court ADOPTS the Report and Recommendation [Doc. No. 5] but grants Plaintiff an extension of time to pay the full filing fee of $400 within fourteen (14) days of the date of this Order. Plaintiff's failure to timely pay the full filing fee will result in a dismissal of this action without prejudice to refiling.

IT IS SO ORDERED this 19th day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE